UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

| | | |
|---|---|---|
| ANDREA RENGUETTE, Individually and | ) | |
| as Mother, Natural Guardian, and Next | ) | |
| Friend on behalf of J.R., a Minor, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | 1:05-cv-1548-SEB-JMS |
| | ) | |
| THE BOARD OF SCHOOL TRUSTEES | ) | |
| for and on behalf of the BROWNSBURG | ) | |
| COMMUNITY SCHOOL | ) | |
| CORPORATION, KATHLEEN E. | ) | |
| CORBIN, JANET K. VIARS, RICHARD B. | ) | |
| DOSS, LISA M. SMITH, JOAN M. | ) | |
| STADER, JOHN McCLOUD, CONNIE S. | ) | |
| HADLEY, D.A.V., a Minor, LAURA K. | ) | |
| OGDEN, and STEVEN D. OGDEN, | ) | |
| Defendants. | ) | |

**ENTRY DENYING DEFENDANT LAURA K. OGDEN'S
MOTION FOR SUMMARY JUDGMENT,
DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT,
AND DENYING PLAINTIFFS' SECOND MOTION TO STRIKE**

This Entry addresses the Motion for Summary Judgment [Docket No. 81] filed by

Defendant Laura K. Ogden ("Ogden") and the Motion for Partial Summary Judgment

[Docket No. 83] and Motion to Strike [Docket No. 119] filed by Plaintiffs, Andrea

Renguette, individually and on behalf of J.R., a minor (collectively, "Renguette").[1]

Renguette alleges that D.A.V., also a minor, sexually assaulted J.R. repeatedly while they

were riding on the school bus.  Renguette's suit asserts fifty-nine claims related to this

---

[1] In addition, because we herein rule on Ogden's Motion for Summary Judgment,
Ogden's Motion for Ruling or Hearing [Docket No. 161] is <u>DENIED</u> as moot.

alleged conduct, and names multiple defendants, including: the trustees of the school

corporation; several officials and employees associated with the school; the minor,

D.A.V.; and D.A.V.'s mother, Laura Ogden.[2]  For the reasons detailed in this entry, we

now <u>DENY</u> Ogden's Motion for Summary Judgment, <u>DENY</u> Renguette's Motion for

Partial Summary Judgment, and <u>DENY</u> Renguette's Motion to Strike.

Ogden is named as a defendant in only one count of the Complaint, Count LIX

(59), which alleges that she is vicariously liable for the intentional torts allegedly

committed by D.A.V., pursuant to the Indiana parental liability statute (Indiana Code §

34-31-4-1).  Ogden asserts that Renguette's claims are not cognizable under the parental

liability statute, because the "consensual" (as she characterizes it) sexual conduct in

which D.A.V. and J.R. engaged does not constitute an intentional tort actionable under

the statute.  In addition, she disputes the compensability of Renguette's claimed damages

under the statute and argues that any liability to which she is subject must be capped at

$5,000.

In response, Renguette moves to strike Ogden's brief in support of her motion,

pursuant to Federal Rule of Civil Procedure 12(f), on the basis that it contains an

insufficient defense or immaterial, impertinent, and/or scandalous matter.  Specifically,

Renguette objects to what she describes as Ogden's "nuts and sluts" defense – that the

minor J.R. "asked for" or "welcomed" sexual assault through her conduct – and thus

---

[2] D.A.V.'s stepfather, Steven Ogden, was also originally named as a defendant in this lawsuit.  In our entry of February 28, 2007 [Docket No. 159], we granted summary judgment in Mr. Ogden's favor as to the sole claim in which he was named as a defendant.

requests that Ogden's brief be stricken.

In addition, Renguette's motion for partial summary judgment seeks to establish as a matter of law J.R.'s "status as a victim of sex crimes under Indiana law," and "to determine and exclude all evidence, reference and argument as to the 'welcomeness' of the sexual advances by D.A.V. from presentation to the jury at trial of this case."  Pl.'s Mot. at 3.  Ogden and the School Defendants[3] dispute the appropriateness of both of these requests at this point in the proceedings.

**Factual Background**

We have discussed the facts underlying this dispute in our prior entry [Docket # 159] and reiterate them here only to the extent that they are relevant to the issues now before the Court.  Plaintiff alleges that, on forty-eight separate occasions during November and December 2003, J.R., who was at the time a twelve-year-old seventh-grade girl, was sexually abused by D.A.V., then a fourteen-year-old high school freshman boy, while both were riding the bus to school.  The sexual conduct between J.R. and D.A.V. consisted of mutual masturbation, and activities which Renguette contends were

---

[3] The "School Defendants" are: the Board of School Trustees of the Brownsburg Community School Corporation; Kathleen E. Corbin, Superintendent of Schools, Brownsburg Community School Corporation; Janet K. Viars, Assistant Superintendent of Schools, Brownsburg Community School Corporation; Richard B. Doss, Principal, Brownsburg Junior High School; Lisa M. Smith, Assistant Principal, Brownsburg Junior High School; Joan M. Stader, former Guidance Counselor, Brownsburg Junior High School; John McCloud, Director, Transportation Department, Brownsburg Community School Corporation; and Connie S. Hadley, Bus Driver, Transportation Department, Brownsburg Community School Corporation. These individuals are sued both personally and in their respective capacities as agents, employees, and servants of the Brownsburg Community School Corporation.  Compl. at 2-3.

"substantially more involved and pervasive, including erotic story telling, story writing and internet chat."  J.R. Dep. at 42 lns. 12-14; Pl.'s Resp. [Docket No. 129] at 4.  Ogden states that "[t]he sexual conduct between [J.R.] and D.A.V. was consensual,"[4] an assertion fiercely disputed by Renguette.  Ogden Br. at 4; Pl.'s Resp. at 4.  Renguette also alleges that the school bus was equipped with a system of security cameras designed to allow the driver to ensure the safety of the student passengers, but that the bus driver kept the monitor turned off.  Compl. ¶¶ 46-60.

During November and December of 2003, Ms. Renguette noted a marked decline in J.R.'s mood and discovered that J.R. had begun mutilating herself with knives.  Id. ¶ 62.  Ms. Renguette took her daughter to a mental health counselor, to whom J.R. reported that she had been sexually molested and that she had been contemplating suicide.  Id. ¶¶ 63-66.  J.R. began a course of mental health treatment and Ms. Renguette made an official complaint to Brownsburg school officials on January 5, 2004.  In response to this complaint, Brownsburg school officials informed Ms. Renguette that J.R. was being immediately suspended from school for having sex on the school bus and provided her with a written notice of an expulsion hearing.[5]  As a result, J.R. suffered severe emotional

---

[4] In support of this proposition, Ogden cites J.R.'s testimony in her deposition that she informed her mental health counselor at Valle Vista Hospital that the sexual contact was consensual.  J.R. Dep. at 42 lns. 18-22.

[5] J.R. was eventually permitted to return to her regular classes.  We are informed that D.A.V. also was immediately suspended from school and placed in an in-school expulsion program.  See School Defendants' Brief in Support of Motion for Summary Judgment [Docket No. 106] at 24.

distress and suicidal ideations, which led Ms. Renguette to take J.R. back to her mental health counselor, who subsequently arranged for her to be admitted to Valle Vista Hospital, a mental health care facility, where she remained for treatment for approximately two weeks.  Id. ¶¶ 89, 93-95.

A juvenile case was filed against D.A.V. in Hendricks Circuit Court as a result of the conduct on the schoolbus in which D.A.V. was initially charged with one juvenile count of child molesting, in violation of Indiana Code § 35-42-4-3(a).  However, this charge was later dropped and D.A.V. admitted and pled guilty to one juvenile count of public indecency, in violation of Indiana Code § 35-45-4-1.  Defs.' Exs. MM, DDD; D.A.V. Dep. at 74 lns. 13-25.

Ms. Renguette, individually and on behalf of J.R., brought this suit on October 17, 2005.  The Complaint includes a total of fifty-nine counts and raises claims pursuant to the Fourteenth Amendment, several federal statutes (including Title IX, the Rehabilitation Act, the Americans with Disabilities Act, and 42 U.S.C. § 1983) and numerous Indiana tort and Constitutional allegations.  Among these are forty-eight counts, each of which alleges a separate intentional tort of sexual assault and battery based on Indiana common law by the minor defendant, D.A.V.  Count LIX (59) is against Laura Ogden, D.A.V.'s mother, and asserts that she is vicariously strictly liable in damages for harms resulting from the intentional torts committed upon J.R. by D.A.V. based upon the Indiana parental liability statute, Indiana Code § 34-31-4-1.

5

**<u>Legal Analysis</u>**

**I.      Summary Judgment Standard of Review**

Summary judgment is appropriate when the record shows that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986).  Disputes concerning material facts are genuine where the evidence is such that a reasonable jury could return a verdict for the non-moving party.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).  In deciding whether genuine issues of material fact exist, the court construes all facts in a light most favorable to the non-moving party and draws all reasonable inferences in favor of the non-moving party.  See <u>id.</u> at 255.  However, neither the "mere existence of some alleged factual dispute between the parties," <u>id.</u>, 477 U.S. at 247, nor the existence of "some metaphysical doubt as to the material facts," <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986), will defeat a motion for summary judgment.  <u>Michas v. Health Cost Controls of Ill., Inc.</u>, 209 F.3d 687, 692 (7th Cir. 2000).

The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."  <u>Celotex</u>, 477 U.S. at 323.  The party seeking summary judgment on a claim on which the non-moving party bears the burden of proof at trial may discharge its burden by showing an absence of evidence to support the non-moving party's case.  <u>Id.</u> at 325.

6

Summary judgment is not a substitute for a trial on the merits, nor is it a vehicle for resolving factual disputes.  Waldridge v. Am. Hoechst Corp., 24 F.3d 918, 920 (7th Cir. 1994).  Therefore, after drawing all reasonable inferences from the facts in favor of the non-movant, if genuine doubts remain and a reasonable fact-finder could find for the party opposing the motion, summary judgment is inappropriate.  See Shields Enterprises, Inc. v. First Chicago Corp., 975 F.2d 1290, 1294 (7th Cir. 1992); Wolf v. City of Fitchburg, 870 F.2d 1327, 1330 (7th Cir. 1989).  But if it is clear that a plaintiff will be unable to satisfy the legal requirements necessary to establish his or her case, summary judgment is not only appropriate, but mandated.  See Celotex, 477 U.S. at 322; Ziliak v. AstraZeneca LP, 324 F.3d 518, 520 (7th Cir. 2003).   Further, a failure to prove one essential element "necessarily renders all other facts immaterial."  Celotex, 477 U.S. at 323.

## II.   Ogden's Motion for Summary Judgment and Renguette's Motion to Strike

### A.   *The Indiana Parental Liability Statute*

Indiana Code § 34-31-4-1 provides in relevant part:

[A] parent is liable for not more than five thousand dollars ($5,000) in actual damages arising from harm to a person or damage to property knowingly, intentionally, or recklessly caused by the parent's child if:

   (1)   the parent has custody of the child; and
   (2)   the child is living with the parent.[6]

---

[6] Ogden does not dispute that she has custody of D.A.V. and that D.A.V. lives with her, therefore bringing her within the class of "parents" who may incur liability under the statute.

7

The purpose of the statute as interpreted by Indiana courts is "to protect innocent victims from damage by irresponsible judgment proof minors.  The responsibility for the damage caused by a minor is placed upon his parents, within certain limitations, since it is the parents who have the duty of controlling and disciplining the behavior of their children."  Hyman v. Davies, 453 N.E.2d 336, 338 (Ind. Ct. App. 1983); see also Wells v. Hickman, 657 N.E.2d 172, 177 (Ind. Ct. App. 1995).  The statute derogates the common law rule that parents are not generally liable for the tortious acts of their minor children. Statutes in derogation of the common law are to be strictly construed.  Wells, 657 N.E.2d at 176.

Ogden asserts that Renguette's claims against her are not cognizable under the parental liability statute, that the damages Renguette seeks are not compensable under the statute, and that any liability she may have is statutorily capped at $5,000.  We address each of Ogden's arguments in turn below.

### B.    Cognizability of Renguette's Claims Under the Statute

Ogden first contends that consensual sexual conduct is not an intentional tort for which the parental liability statute provides relief.  Implicit in Ogden's argument is her contention that the sexual conduct in which J.R. and D.A.V. engaged was consensual. Because the conduct does not fall within the scope of the statute, Ogden asserts, she is not subject to liability for her son's conduct.

In support of her argument, Ogden cites Cynthia M. v. Rodney E., a California

Court of Appeals case in which a teenage girl sought damages from the parents of the

teenage boy who impregnated her through consensual sexual intercourse.  228

Cal.App.3d 1040 (Cal. Ct. App. 1991).  The court held that, though the boy's conduct had

been unlawful under a California criminal statute, the boy's parents were not liable under

the California parental liability statute because that statute required that the minor have

engaged in "willful misconduct."  Even though unlawful, the consensual nature of the

sexual relationship belied a finding that the boy had engaged in willful misconduct, and

therefore his parents were not subject to liability.  Ogden asserts that, similarly, Indiana's

statute is designed to protect "innocent" tort victims; J.R. is not such an innocent victim

because she consented to the sexual contact and thus no cause of action can lie against

Ogden.

     Renguette rejoins that Ogden's claim that the sexual conduct was consensual is

contrary to law because, by virtue of her age, J.R. does not have the capacity to consent to

sex.  In support, she cites several Indiana criminal cases which hold that consent is not a

defense to the charge of child molesting, relying in part on a 1900 Indiana Supreme Court

case which stated that "any touching of the person of a female child under the age of

fourteen years with intent to perpetrate upon her the act of sexual intercourse is, and

necessarily must be, in legal contemplation, without her consent, for she can give no

consent that will make the act lawful."  Hanes v. State, 57 N.E. 704, 706 (Ind. 1900).

     In addition, Renguette cites the Seventh Circuit's holding in Mary M. v. North

Lawrence Cmty. Sch. Corp., 131 F.3d 1220 (7th Cir. 1997).  In that case, a thirteen-year-

9

old girl brought a Title IX action against a school district after a sexual relationship developed between her and a twenty-one-year-old cafeteria worker (who was criminally convicted in state court of child molestation as a result of the incident). The Court of Appeals held that the welcomeness of the sexual contact was an improper inquiry for the jury to have made, citing the Indiana child molestation statute and Indiana criminal cases which stated that minor children lacked the capacity to consent to sexual intercourse. The court held that "[i]f elementary school children cannot be said to consent to sex in a criminal context, they similarly cannot be said to welcome it in a civil context. To find otherwise would be incongruous." Id. at 1227. The court further indicated its reluctance to "make children claiming sexual discrimination under Title IX subject to intense scrutiny," stating that the fact that the minor "consented to sex with [the adult male] does not mean she understood the risks associated with her actions. A thirteen year old girl cannot be said to understand the nature of her actions when she engages in sexual intercourse." Id. at 1227-28. The court concluded that "[w]elcomeness is an improper inquiry to be made in Title IX cases involving sexual discrimination of elementary school children." Id. at 1225.

Moreover, Renguette moves to strike Ogden's summary judgment brief on this basis, arguing that the proposition that the sexual conduct was consensual and/or welcomed by J.R. is "premised upon and contain[s] an insufficient defense and/or immaterial, impertinent and/or scandalous matter," and "simply has no place in this litigation." Pl.'s Resp. at 4. Renguette seeks to strike the brief, pursuant to Federal Rule

of Civil Procedure 12(f).[7]  Ogden responds that "[t]he fact [that] an opposing party

believes that a legal argument is incorrect cannot form the basis for a motion to strike"

(Ogden's Resp. to Pl.'s Motion to Strike at 2) and distinguishes <u>Mary M.</u> on the basis

that, under Indiana's criminal code, *neither* J.R. nor D.A.V. had the capacity to consent to

sexual touching, unlike the adult cafeteria worker in <u>Mary M.</u>[8]

  1. <u>Renguette's Motion to Strike</u>

  We first address Renguette's motion to strike Ogden's summary judgment brief

filed pursuant to Rule 12(f).  Renguette's motion is easily resolved based on the fact that

Rule 12(f) does not provide the relief she seeks.  The rule provides a means by which

courts may strike material that is "so unrelated to plaintiff's claims as to be void of merit

and unworthy of any consideration" and that is "prejudicial to the movant."  <u>Nat'l Org.</u>

<u>for Women, Inc. v. Scheidler</u>, 897 F. Supp. 1047, 1087 n.28 (N.D. Ill. 1995).

  Neither party addresses the fact that a motion to strike, pursuant to Rule 12(f), may

only be used to attack a *pleading*.  Courts applying Rule 12(f) have consistently declined

to construe the term "pleading" to apply to motions and memoranda.  <u>See Hrubec v. Nat'l</u>

<u>R.R. Passenger Corp.</u>, 829 F.Supp. 1502, 1506 (N.D. Ill. 1993) (stating that neither a

---

[7] Rule 12(f) provides in pertinent part:

 Upon motion made by a party . . . or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

[8] Indiana's child molesting statute, Indiana Code § 35-42-4-3, defines child molesting as sexual intercourse, fondling, or touching with a child under fourteen years of age.

motion nor a memorandum in support of that motion were "candidates for Rule 12(f)");

Bd. of Educ. v. Admiral Heating & Ventilation, Inc., 94 F.R.D. 300, 304 (N.D. Ill. 1982)

(declining to strike an allegedly scandalous footnote in a summary judgment

memorandum because it was not contained in a pleading); Meredith v. Allsteel, Inc., 814

F.Supp 657, 660 (N.D. Ill. 1992), aff'd in part and rev'd in part on other grounds, 11 F.3d

1354 (7th Cir. 1993) (declining to strike a motion for summary judgment because "[Rule]

12(f) permits a party to move to strike matters at the pleading stage, not at the summary

judgment stage").  Plaintiff's motion to strike clearly warrants DENIAL on this basis.

    2.    Ogden's Motion for Summary Judgment

Ogden's motion for summary judgment must also be denied, premised as it is on

her liability (or lack thereof) under the Indiana parental liability statute for allegedly

"consensual" sexual conduct between D.A.V. and J.R.  It is clear that factual and legal

disputes preclude a ruling in Ogden's favor, at least at this stage in the proceedings.

In support of her assertion that the sexual conduct between the two children was

consensual, Ogden relies exclusively on a single piece of evidence: J.R.'s deposition

testimony that she informed her mental health counselor that the sexual contact had been

consensual.  Renguette does not directly challenge the accuracy of the deposition

testimony cited by Ogden but vehemently disputes that her twelve-year-old daughter

consented – or even had the legal capacity to consent – to the contact.  Construing all

facts in favor of the nonmovant (Renguette), we cannot conclude, based on

uncontroverted evidence or as a matter of law, that the sexual conduct between J.R. and

D.A.V. was consensual.  Thus, summary judgment for Ogden is not available.

Though the issue is somewhat camouflaged under the guise of parental liability,

what the parties seek to have us decide here distills into the issue of whether the twelve-

year-old J.R. could legally consent to sexual contact with the fourteen-year-old D.A.V., or

whether a factual inquiry into the "welcomeness" of the conduct is required.  This is a

tricky question, and neither the parties' briefs nor our own research has revealed any

precedent directly on point.  Mary M. clearly holds that welcomeness is not a proper

inquiry to be made of minor victims of sexual harassment perpetrated by an adult, but that

decision not only involved the age difference between perpetrator and victim, but was

rendered *in the Title IX context*.  Though many of the same concerns regarding scrutiny of

children's sexual behavior come into play in a sexual assault and battery case such as

exists here, it is not apparent that these concerns balance in precisely the same way in this

context as in that situation.  What difference it makes that in Mary M. a minor victim was

targeted by an *adult* perpetrator, and that in the case at bar J.R. *and* D.A.V. were both

minors when the sexual contact occurred is not clear in terms of establishing a

presumption that D.A.V.'s actions were *per se* unwelcome as a matter of law.

The Indiana Court of Appeals recently addressed a related, though not identical,

issue in W.C.B. v. State, 855 N.E.2d 1057 (Ind. Ct. App. Nov. 1, 2006).  In that case, the

court addressed whether a minor child – who cannot consent to sexual contact under

Indiana's child molesting statute – may be guilty of child molestation under the statute.

13

The court held that the statute *could* apply to perpetrators who fall within the protected age group set forth in the statute and noted that the alleged perpetrator's inability to consent did not preclude a finding of criminal intent.[9]  This holding indicates that an inquiry into the alleged minor perpetrator's mindset is warranted in order to ascertain whether he or she possessed the requisite level of intent to commit the crime.  Of course, W.C.B. was a criminal case, and it does not appear that Indiana courts have previously addressed these issues in a civil context.[10]

In the end, however, we need not decide at this stage of the proceedings the precise issue of whether J.R. had the legal capacity to consent to sexual contact with D.A.V., or whether, if she did have such capacity, she actually consented.  For purposes of Ogden's summary judgment motion, it is enough that we are unable to conclude that she undisputedly *did* consent, after drawing all reasonable inferences from the facts in favor of the non-movant.  Thus, we cannot determine as a matter of law that the sexual conduct between D.A.V. and J.R. was not "intentional," as contemplated by the Indiana parental liability statute, and thus forestall the possibility that Ogden may be subject to some liability for D.A.V.'s actions.  Accordingly, Ogden's motion for summary judgment is

---

[9] See 855 N.E.2d at 1061 ("Consent is neither an element to be proved in a child molestation case nor a defense to such a charge, and there is nothing in the statute that correlates age with a perpetrator's ability to consent.  Nonetheless, even if the perpetrator's consent were an element of the offense, such 'consent' could be established by showing the required element of criminal intent.")(quoting State v. J.D., 701 N.E.2d 908, 912 (Ind. Ct. App. 1998)).

[10] Cynthia M., the California case relied upon by Ogden, is inapposite.  The California court was concerned with entirely different statutes than those at issue in this case; also, the children involved in that case were older than D.A.V. and J.R.

DENIED as to the cognizability of Renguette's claims under the parental liability statute, and the case shall go forward on those counts.

### C.    *Damages Recoverable Under the Statute*

Ogden further contends that the parental liability statute does not permit recovery of the damages claimed by Renguette.  By its terms, the statute permits recovery of "actual damages" incurred as a result of a child's tortious conduct.  See Ind. Code § 34-31-4-1.  Though the term "actual damages" is not defined within the statute, courts have interpreted it narrowly.[11]

Count LIX (59) of Renguette's Complaint – the final count, and the only count which pertains to Ogden – asserts "[t]hat J.R. and [Renguette] are each entitled to judgment against [Ogden] . . . to the full statutory limit of damages set forth in Ind. Code. § 34-31-4-1, for each and every amount of tort damages proven at trial for which [D.A.V.] is held and adjudged liable under each and any preceding Count of this Complaint."  Compl. ¶ 414.  The Complaint also sets forth a laundry list of damages Renguette seeks to recover for "each and every of the foregoing Counts I through LIX of this Complaint," which includes compensatory damages for both J.R. and Renguette, loss of future earnings for J.R., transportation expenses for J.R.'s alternate school and summer

---

[11] For example, in Hyman v. Davies, 453 N.E.2d 336 , 338-39 (Ind. Ct. App. 1983), the Indiana Court of Appeals held that the owner of a car damaged by a minor could not recover lost wages or towing charges pursuant to the statute, as "[n]either of these awards of damages reflects a damage to property nor do they arise from harm to property.  Therefore, these specific damages are not contemplated by the statute and should not have been held against the parents[.]"

school, exemplary damages, attorney fees and costs, and several other categories of relief.
Id. at 99-100.

Ogden devotes several pages of her brief to her argument that a number of the damages listed in this portion of the Complaint – including attorney fees, exemplary damages, costs and litigation expenses, mileage, emotional suffering, the cost of mental health treatment, and future expenses – do not qualify as "actual damages" compensable under the parental liability statute.  Renguette responds that the prayer for relief set out in the conclusion of the Complaint catalogues what she "reasonably expect[s] the evidence to support as against one (1) or more, but not necessarily all, of the eleven (11) named Defendants in this cause" and that Ogden's motion is "premature" in its attempt to address these questions about damages at this point.  Pls.' Resp. at 6.  Renguette suggests that the issue of what constitutes "actual damages" may be more easily resolved by the Court's proper application of Indiana Pattern Civil Jury Instructions at the conclusion of the trial.

It is clear to us that Ogden's attempt to parse Renguette's prayer for relief is, at best, premature.  Complaints frequently contain a "blanket" prayer for relief which includes numerous categories of damages that a plaintiff seeks to recover from at least one (but not necessarily each) of the defendants.  Some confusion probably arises from the fact that Count LIX (59) is the final count of the Complaint, immediately preceding the prayer for relief and not set apart by a separate heading.  However, Renguette's assertion that she does not necessarily seek each and every one of these categories of

16

damages against Ogden via the parental liability statute seems to us plainly convincing. We agree that a consideration of what constitutes "actual damages" is more properly reserved until later in the proceedings.  Ogden's motion is therefore <u>DENIED</u> as to this claim.

### D.      *Cap on Statutory Liability*

Finally, Ogden asserts that if any liability under the parental liability statute is eventually established against her, it is statutorily capped at five thousand dollars ($5,000).  The statute provides that a parent's liability may not exceed "five thousand dollars ($5,000) in actual damages arising from harm to a person or damage to property" caused by that parent's child.  Ind. Code § 34-31-4-1.  Ogden claims that J.R. has alleged damages resulting from D.A.V.'s aggregated misconduct and that J.R. has *not* alleged separate harms from each of the forty-eight alleged incidents of sexual assault and battery.  Therefore, if Ogden has any liability under the statute, it must be capped at $5,000 cumulatively for all the claims.

Renguette responds that she *has* alleged separate harms for each of the forty-eight alleged incidents of sexual contact; Counts VI through LIII (53) of the Complaint each concerns a separate incident, and, though they are all brought in a single Complaint, each is a discrete occurrence generating its own harm each of which could have been brought in a separate lawsuit.  Therefore, Renguette asserts that Ogden's liability must be set at no more than $5,000 for *each* alleged occurrence of sexual assault and battery committed by

her son, up to a maximum of $240,000 (computed on the basis of $5,000 for each of forty-eight occurrences).

We accept Renguette's analysis and arguments.  The fact that such harms are similar in kind and allegedly visited upon J.R. repeatedly does not transform D.A.V.'s alleged torts into a single wrong.  Each tort allegedly occurred at a separate time according to the specific delineations found in the Complaint; for example, "on the afternoon of Tuesday, November 18, 2003, between the hours of approximately 3:15 o'clock, p.m., and 4:00 o'clock, p.m." (Compl. ¶ 258).  Each instance cited in the Complaint was separated by enough time that the alleged wrongful acts would have entirely ceased, only to begin anew at a later time or on a later date.  The Complaint makes clear that each count of the complaint alleges separate and discrete harms; for example, "[t]hat as a direct and proximate result of such sexual assault and battery on the afternoon of November 18, 2003, J.R. and [Renguette] have each been damaged" (Compl. ¶ 259).[12]  Therefore, Ogden's motion for summary judgment is <u>DENIED</u> as to the issue of the $5,000 statutory damage cap.  Of course, Renguette must prove that each incident

_____

[12] Similarly, in <u>Hyman v. Davies</u>, 453 N.E.2d 336 (Ind. Ct. App. 1983), a minor caused damage to two separate vehicles owned by two separate individuals during a single tear of nighttime vandalism.  The Court of Appeals held that the parental liability statutory cap on damages should be applied *separately* to each tort victim, not jointly as to both of them.  Therefore, both vehicle owners were entitled to damages up to the statutory cap.  The court reasoned that the two actions brought against the minor, though consolidated for purposes of appeal, arose out of two separate incidents, even though they had occurred on the same night, at the same locus, and had been perpetrated by the same minor tortfeasor.  <u>Id.</u> at 339.  Here, though the alleged tort victim is the same person for all forty-eight incidents, we follow the <u>Hyman</u> court's reasoning and hold that each incident of alleged sexual misconduct constitutes a discrete tort claim to which the statutory damage cap must be separately applied.

actually resulted in actual damages in an amount not to exceed $5,000 in order to recover

the cumulative maximum amount of $240,000.

Because, as explained above, Ogden is not entitled to judgment as a matter of law

as to any of the three issues she raises in her Motion for Summary Judgment, the motion

is accordingly <u>DENIED</u> in its entirety.  Next, we turn to Renguette's Motion for Partial

Summary Judgment.

## III.   Renguette's Motion for Partial Summary Judgment

Renguette's motion for partial summary judgment seeks to establish as a matter of

law J.R.'s "status as a victim of sex crimes under Indiana law," and "to determine and

exclude all evidence, reference and argument as to the 'welcomeness' of the sexual

advances by D.A.V. from presentation to the jury at trial of this case."  Pl.'s Mot. at 3.

The arguments Renguette raises with respect to her motion are similar to those she

raised in response to Ogden's motion.  Referring to D.A.V. throughout the briefings

as Ogden's "confessed child molesting son" (Pl.'s Br. in Support of Mot. to Strike at 4),

Renguette states that D.A.V. "admitted in open court and in his deposition to having

committed on at least fifteen (15) separate occasions . . . [acts against J.R.] which would

constitute the commission of crimes of child molesting under Indiana law, Ind. Code. §

34-42-4-3(b)."  Pl.'s Br. at 2.  Renguette further asserts that J.R. could not have consented

to such conduct, essentially rehashing the arguments also made in opposition to Ogden's

motion.  Therefore, she seeks to have J.R. labeled "a victim of sex crimes" (<u>id.</u> at 3) and

19

to have all references, evidence, and argument regarding the welcomeness of D.A.V.'s alleged sexual advanced toward J.R. to be "prohibit[ed from] future presentation . . . to or in the presence of the jury in the trial of this case."  <u>Id.</u> at 8.

Ogden responds that the relief sought by Renguette is not contemplated by Rule 56, in that the Court may not "label" a plaintiff for trial, as Renguette implores us to do. Exclusion of evidence and argument at trial regarding the "welcomeness" of D.A.V.'s sexual contact with J.R. is more properly addressed by a pretrial motion in limine, not by a motion for summary judgment.  In addition, Ogden argues that "[b]ecause both of these young people were under the age of statutory consent and their sexual activity was consensual, there is no victim and there is no perpetrator."  Ogden Resp. at 4.  Ogden maintains that "welcomeness" is a question of fact and that she is thus entitled to present evidence about the welcomeness of the sexual conduct to a jury.

The School Defendants also weigh in in opposition to Renguette's motion.  They take issue with Renguette's characterization of D.A.V. as a "child molester," noting that D.A.V. was never charged with (nor admitted in court to) child molesting, as Renguette implies.  <u>See</u> Defs.' Ex. DDD.  Moreover, the School Defendants argue that an order prohibiting discussion or evidence of consent or the welcomeness of the sexual activity would impede their ability to defend against Renguette's state law claims, particularly as to their affirmative defense that J.R. was contributorily negligent in her actions.

We find the arguments of Ogden and the School Defendants more convincing here: the ruling Renguette seeks from the court cannot be obtained via a motion for

summary judgment.  Summary judgment is predicated on an entitlement to relief as a matter of substantive law.  See Anderson v. Liberty Lobby, 477 U.S. 242, 245-46 (1986). Rulings of partial summary judgment *may* be used to shape litigation by resolving certain claims before trial or establishing facts related to a particular claim.  See Fed. R. Civ. P. 56(d).  However, the rule "do[es] not authorize independent motions that would dispose of disputed factual issues in litigation piecemeal."  Dalton v. Alston & Bird, 741 F.Supp. 1322, 1336 (S.D. Ill. 1990).

Beyond the inappropriateness of a summary ruling on this issue, Renguette's motion is unusual for the additional reason that a decree that J.R. is a "victim of sex crimes" carries no legal significance and is of no practical use to the court, to the parties, or to a jury.  Renguette is not entitled to such relief as a matter of law because the relief sought is legally meaningless.  Summary judgment on such grounds is simply not available.

Similarly, Renguette's motion is an inappropriate vehicle for her request that we "exclude all evidence, reference and argument as to the 'welcomeness' of the sexual advances by D.A.V. from presentation to the jury at trial of this case."  Pl.'s Mot. at 3. The purpose of a motion for summary judgment is not to prohibit the introduction of evidence to a jury.  Such is the function of a pretrial motion in limine.[13]  See Luce v. United States, 469 U.S. 38, 40 n. 2 (1984).  Therefore, her motion is DENIED as to this

[13] We recognize that our rulings in denying summary judgment sidestep evidentiary issues that the parties will undoubtedly raise again in their pretrial motions in limine.  We will rule on those issues in that procedurally appropriate context.

request as well.

Finally, we take issue with Renguette's repeated and intentionally inflammatory references to D.A.V. as a "child molester." As Defendants rightly note, D.A.V. has never confessed to nor been found guilty of such a charge in his state juvenile proceeding; the only adjudicated charge was public indecency. Though Renguette clearly knows this, she nonetheless contends that "[h]ad [D.A.V.] been an adult perpetrator . . . [he] would probably have been adjudicated a felon, would probably have been unable to plead down the child molesting charges to a single count of the lesser included offense of public indecency, would probably have been sentenced to a term of years in prison with the Indiana Department of Corrections and would have been required to register as a sex offender[.]" Pls.' Reply at 6 n. 1. These entirely speculative and argumentative "what-ifs" are wholly beyond the motions before the court and are factually, as well as legally, insufficient grounds on which to label D.A.V. a "child molester." Renguette's name-calling is unfairly misleading, is below acceptable standards of advocacy, and accordingly is unwelcome in this Court.

Because Renguette's Motion for Partial Summary Judgment does not entitle her to either form of relief sought, the motion is <u>DENIED</u> in its entirety. IT IS SO ORDERED.


Date: _____05/23/2007_____

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Sylvia Abra Bier
LOCKE REYNOLDS LLP
sbier@locke.com

Marsha Volk Bugalla
LOCKE REYNOLDS LLP
mbugalla@locke.com

Betty Marie Conklin
WILLIAM O. HARRINGTON, P.C.
bettyharringtonlaw@ameritech.net

Charles Christian Douglas
THE HUNT CORPORATION
cdouglas@thehuntcorp.com

Ralph E. Dowling
THE DOWLING LAW OFFICE
justicemanrd@comcast.net

William O. Harrington
harringtonlaw@ameritech.net

Robert L. Hartley Jr.
LOCKE REYNOLDS LLP
rhartley@locke.com

Robert Arthur Hutchens
HUTCHENS & YOUNG LLP
hutchens_robert@yahoo.com

Jason A. Shartzer
THE LAW OFFICES OF BUDDY YOSHA
jshartzer@yoshalaw.com

Thomas E. Wheeler II
LOCKE REYNOLDS LLP
twheeler@locke.com